UNITED STATES DISTRICT COURT
for the DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHELE ORWIN<br>3100 Connecticut Avenue, N.W.<br>#201<br>Washington, D.C. 20008<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AARP<br>601 E Street, NW<br>Washington, D.C. 20049<br><br>　　　　Defendant. | Civil Action No. _____ |

## COMPLAINT

1.　　This is a civil action for damages and other relief pursuant to the Jury Systems Improvement Act ("JSIA"), 28 U.S.C. § 1875, and the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01, *et seq*.

### Jurisdiction

2.　　The events giving rise to this action occurred in the District of Columbia within one year of filing this complaint, and this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1875(d), and D.C. Code § 2-1403.16.

### Parties

3.　　Plaintiff Michele Orwin is an adult, female resident of Washington, D.C. Ms. Orwin was formerly employed by Defendant.

4.　　Defendant AARP is a nonprofit corporation with its national headquarters located in the District of Columbia, and was Ms. Orwin's employer during the events that gave rise to

this lawsuit.

## Facts

5.  Ms. Orwin was hired as a Senior Speech Writer by the AARP in July 2005. Due to her exemplary communication skills, Ms. Orwin soon became the principal speech writer for AARP's Chief Operating Officer and other AARP executives. Ms. Orwin received consistently high praise and numerous awards for her work for AARP.

6.  In May 2006, Ms. Orwin was summoned and selected to serve as a federal grand juror for the United States District Court for the District of Columbia, an ongoing responsibility which continues to require her attendance at court two days a week. Ms. Orwin immediately notified her managers of that obligation.

7.  Over the course of the next six months, the terms and conditions of Ms. Orwin's employment at AARP steadily deteriorated.

8.  Within a week of notifying her managers of her jury service, Ms. Orwin was denied a promotion to an open managerial position in favor of a younger and considerably less-qualified male, who then became her first level manager. Prior to her selection as a grand juror, Ms. Orwin had been repeatedly urged to apply for that promotion by her managers.

9.  Ms. Orwin was subjected to hostility and intimidation for raising concerns about AARP's payroll deductions for the compensation she was receiving for her grand jury service, and AARP continues to owe her money which it improperly deducted from her pay.

10. Ms. Orwin was denied a reasonable opportunity to compete for two newly-created positions of Executive Communications Director for which she was uniquely qualified, and the duties of which she was already performing. Both of those positions were announced at salaries

almost double Ms. Orwin's, and were filled by younger males.

11. Ms. Orwin was singled out for disciplinary action on trumped-up charges of insubordination, while a younger male colleague repeatedly engaged in disruptive behavior with apparent impunity.

12. Ms. Orwin was then fired on November 29, 2006, after she requested that continuing problems with her management be addressed through AARP's internal mediation program. The stated reason for the termination of Ms. Orwin's employment was her "unhappiness" about her working conditions. Ms. Orwin was 59 years old at the time of her termination.

13. AARP's discriminatory treatment of Ms. Orwin was deliberate and in willful disregard of her rights.

14. As a direct and proximate result of AARP's actions, Ms. Orwin has suffered and continues to suffer monetary damages and emotional and professional injury, including the loss of employment, damage to her professional career and reputation, loss of salary and benefits, humiliation and related emotional pain and suffering, and has incurred and continues to incur legal and related expenses.

Count I:  Violation of the Jury Systems Improvement Act

15. By its actions as set forth above, Defendant subjected Plaintiff to adverse treatment, including the termination of her employment, because of her jury service, in violation of the JSIA, 28 U.S.C. § 1875.

### Count II: Sex Discrimination

16. By its actions as set forth above, Defendant subjected Plaintiff to adverse treatment, including the termination of her employment, because she is female, in violation of the DCHRA, D.C. Code § 2-1402.11.

### Count III: Age Discrimination

17. By its actions as set forth above, Defendant subjected Plaintiff to adverse treatment, including the termination of her employment, because of her age, in violation of the DCHRA, D.C. Code § 2-1402.11.

### Prayer for Relief

Plaintiff Michele Orwin prays that this Court enter judgment on her behalf against Defendant AARP, and:

(a) find and hold that Defendant discriminated against Plaintiff in violation of D.C. Code § 2-1402.11;

(b) find and hold that Defendant's actions towards Plaintiff violated 28 U.S.C. § 1875;

(c) order that Plaintiff be reinstated to employment with Defendant (or, in the alternative, be awarded front pay), and awarded back pay, including lost wages and the value of any benefits, plus interest, which she lost due to Defendant's unlawful actions;

(d) order Defendant to pay a civil penalty of $1,000 for each violation of 28 U.S.C. § 1875;

(e) order that Plaintiff be awarded compensatory damages, in an amount to be determined at trial, for emotional pain and suffering and other injuries;

  (f) order that Plaintiff be awarded punitive damages, in an amount to be determined at trial;

  (g) award Plaintiff costs and disbursements of this action, including reasonable attorneys' fees;

  (h) enjoin Defendant to indemnify Plaintiff for all tax liability she may incur with respect to such fee award; and

  (i) grant such other and further relief the Court deems equitable, just and proper.

<u>Jury Demand</u>

Plaintiff requests trial by a jury.

            Respectfully Submitted,

            _____
            Mona Lyons, D.C. Bar No. 914234

            LAW OFFICE OF MONA LYONS
            1666 Connecticut Avenue, NW, Suite 500
            Washington, D.C. 20009
            (202) 387-7000, Ext.1302

            Attorney for Plaintiff Michele Orwin

Dated: May 16, 2007

JS-44
(Rev.1/05 DC)

CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Michele Orwin | AARP |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Mona Lyons<br>Law Office of Mona Lyons<br>1666 Connecticut Avenue, NW, Suite 500<br>Washington, DC 20009<br>(202) 387-7000, ext. 1302 | ATTORNEYS (IF KNOWN) |

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ● H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. § 1875

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   JURY DEMAND:   Check YES only if demanded in complaint   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE May 16, 2007   SIGNATURE OF ATTORNEY OF RECORD /s/

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.