UNITED STATES DISTRICT COURT
for the DISTRICT OF COLUMBIA

MICHELE ORWIN

       Plaintiff,

   v.                   Civil Case No.07cv918(RJL)

AARP

       Defendant.

### JOINT MEET AND CONFER STATEMENT AND PROPOSED SCHEDULING ORDER

The parties, by counsel, hereby submit their joint meet and confer statement and proposed scheduling order pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3, and this Court's orders.

### Statement of Facts

Plaintiff Michele Orwin was hired as a speech writer by Defendant AARP on July 18, 2005. In May, 2006, Ms. Orwin was selected to serve as a grand juror in this court, an ongoing responsibility which requires her attendance at court two days a week. Over the course of the six months immediately following her selection as a grand juror, Ms. Orwin was denied a promotion, disciplined for insubordination, and ultimately fired by AARP on November 29, 2006. Ms. Orwin was 59 years old when she was fired.

### Statutory Basis for Claims and Defenses

Ms. Orwin's claims are brought under the Justice Systems Improvement Act (JSIA), 28 U.S.C. § 1875, and the District of Columbia Human Rights Act (DCHRA), D.C. Code § 2-1401.01, *et seq*. Ms. Orwin alleges that AARP violated the JSIA by subjecting her to adverse

treatment, including the termination of her employment, because of her grand jury service. Ms. Orwin also alleges that AARP violated the DCHRA by subjecting her to adverse treatment because of her gender and age.

AARP denies Ms. Orwin claims of discrimination under both statutes and contends that the decisions it made in connection with her employment were made in good faith and for legitimate business reasons.

## Counsel's Conference

On August 6, 2007, counsel for Plaintiff and Defendant met and conferred about the following matters.

1. Dispositive Motions

AARP anticipates filing a motion for summary judgment at the close of discovery and believes that its motion will be successful.

2. Additional Parties and Amendments to Pleadings

Counsel do not anticipate the joinder of any additional parties or any amendments to the pleadings. Counsel will engage in efforts to narrow disputed factual and legal issues as the case progresses.

3. Magistrate Judge

At this time, the parties do not agree to the assignment of the case to a Magistrate Judge for all purposes, including trial.

4. Settlement and Alternative Dispute Resolution Procedures

At this time, counsel do not know if there is a realistic possibility of settling the case or if the Court's alternative dispute resolution (ADR) procedures would be beneficial. Counsel agree to revisit the subjects of settlement and ADR procedures after they have conducted written

discovery. As set forth in the attached scheduling order, counsel also propose to submit a joint statement to the Court concerning ADR by December 1, 2007.

5. <u>Motions Schedule</u>

As set forth in the attached scheduling order, counsel propose that the deadline for the filing of AARP's motion for summary judgment be 45 days after the close of discovery, *viz.*, April 15, 2008, followed by Ms. Orwin's opposition within 30 days, and any reply within 15 days. Subject to the Court's schedule, counsel would propose that its decision on AARP's motion be issued within 60 days thereafter.

6. <u>Initial Disclosures</u>

The parties stipulate to dispense with the initial disclosures required by Rules 26(a) (1) of the Federal Rules of Civil Procedure.

7. <u>Discovery</u>

Counsel propose a total of six months for discovery, with the exception of discovery regarding expert witnesses. Counsel anticipate that the only experts in the case will be economists and propose that the exchange of expert witness reports and other discovery concerning their testimony be deferred until after the Court has decided AARP's motion for summary judgment. Counsel further propose that each party be limited to 40 interrogatories and seven depositions, except for depositions of experts.

8. <u>Bifurcation</u>

Counsel do not currently agree that the case should be bifurcated but will continue to explore that issue.

9. <u>Pretrial Conference and Trial</u>

As set forth in the attached scheduling order, counsel propose that the Court schedule the

pretrial conference for the week beginning October 13, 2008.  Subject to the Court's calendar, counsel agree that a date should be set for trial from 30 to 60 days after the pretrial conference.

        Respectfully submitted,

        /s/ Mona Lyons
        Mona Lyons (DC Bar # 914234)
        LAW OFFICE OF MONA LYONS
        1666 Connecticut Avenue, NW, Suite 500
        Washington, D.C. 200090
        (202) 387-7000, Ext.1302

        Counsel for Plaintiff Michele Orwin

        /s/ Frank C. Morris, Jr.
        Frank C. Morris, Jr. (DC Bar #211482)
        Epstein, Becker &Green, P.C.
        1227 - 25th Street, N.W., Suite 700
        Washington, D.C, 20037
        (202) 861-1880

        Counsel for Defendant AARP

UNITED STATES DISTRICT COURT
for the DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHELE ORWIN | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No.07cv918(RJL) |
| AARP | ) |
| Defendant. | ) |

**PROPOSED SCHEDULING ORDER**

_____As proposed by the parties and upon consideration of the record herein, it is hereby

**ORDERED**

1. That all discovery shall be completed by March 1, 2008, except for discovery concerning expert witnesses, and that each party shall be limited to 40 interrogatories and seven depositions, except for depositions of experts;

2. That the parties shall submit a joint statement explaining their positions regarding alternative dispute resolution (ADR) procedures on or before December 1, 2007;

3. That any motion for summary judgment shall be filed on or before April 15, 2008, the opposition thereto by May 15, 2008, and any reply by May 30, 2008;

4. That, assuming the Court denies summary judgment, Plaintiff's expert witness statements shall be served on Defendant within 30 days thereafter, Defendant's expert witness statements shall be served on Plaintiff within the following 30 days, and any depositions of experts shall be conducted within the following 30 days;

5. That a pretrial conference shall be conducted by the Court on October \_\_\_, 2008,

        at _____; and

6.     That a trial will be scheduled at the pretrial conference from 30 to 60 days thereafter subject to the Court's calendar..

_____

**SO ORDERED.**

| _____ | _____ |
|---|---|
| **Date** | **Richard J. Leon**<br>**United States District Judge** |